**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH H. WILLIAMS, | DOCKET NUMBER |
| Appellant, | AT-0752-21-0567-B-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: April 8, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerry Girley, Esquire, Orlando, Florida, for the appellant.

Andrew J. Patch, Esquire, Tampa, Florida, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the standard for analyzing the penalty, we AFFIRM the initial decision.

The agency removed the appellant for 3 charges—inappropriate conduct, failure to follow instructions, and absence without leave (AWOL). *Williams v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-21-0567-I-1, Initial Appeal File (IAF), Tab 4 at 27-29. The administrative judge first assigned to the appeal found that the agency violated the appellant's due process rights and reversed the removal. IAF, Tab 30, Initial Decision. On review, the Board disagreed, finding that the agency afforded the appellant the necessary due process and remanding for further adjudication. *Williams v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-21-0567-I-1, Remand Order (RO) at 4-5 (Jan. 4, 2024).

During the remand proceedings, the agency abandoned its AWOL charge. *Williams v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-21-0567-B-1, Remand File (RF), Tab 10 at 12 n.2, Tab 14 at 3. The newly assigned administrative judge developed the record and sustained the appellant's removal. RF, Tab 24, Remand Initial Decision (RID). She found that the agency met its burden regarding the remaining charges, nexus, and penalty, while the appellant did not prove his claim of reprisal for engaging in protected equal employment opportunity (EEO) activity. *Id*.

The appellant has filed a petition for review.  *Williams v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-21-0567-B-1, Remand Petition for Review (RPFR) File, Tab 1.  The agency has filed a response.  RPFR File, Tab 3.

In his petition, the appellant first argues that the administrative judge erred in concluding that the agency proved its charges of inappropriate conduct and failure to follow instructions.  RPFR File, Tab 1 at 7-8.  He also disagrees with the administrative judge's determination that the EEO reprisal claim was unproven.  *Id.* at 11-13.  However, the appellant does not persuasively explain why those findings are incorrect or otherwise establish error about these matters.  *Id.*  The Board has held that when, as here, the administrative judge thoroughly addressed the issues, the appellant's mere disagreement with the initial decision does not provide a basis for granting the petition for review.  *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

Next, the appellant has reasserted his allegation of a due process violation.  RPFR File, Tab 1 at 10-11.  However, this is a matter that has already been considered and decided.  We previously found that the agency provided the appellant with the necessary due process, and we discern no basis for revisiting and revising that determination.  RO at 4-5.

Unlike those already mentioned, the appellant presents a few other arguments that require closer examination.  Specifically, the appellant argues that the agency did not prove its AWOL charge because his leave was authorized or the denials of his leave requests were improper.  RPFR File, Tab 1 at 8.  He also disputes the penalty determination, asserting that the deciding official knew very little about the case.  *Id.* at 8-10.  Although we are not persuaded by the

particulars of the appellant's arguments regarding these matters, they do highlight our need to modify the remand initial decision.

Once again, the agency abandoned its AWOL charge during the adjudication of this appeal. The administrative judge acknowledged as much and did not consider the charge any further. RID at 2 n.1. However, within the penalty analysis, the administrative stated that all of the agency's charges were sustained. RID at 16. She also provided and seemingly applied the analytical framework for cases in which all, rather than some, of an agency's charges are sustained. *Id.* (citing *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 12 (2014)). We disagree with that characterization and standard, given the agency's abandonment of the AWOL charge.

When, as here, the Board does not sustain all the charges, it will carefully consider whether the sustained charges merit the penalty imposed by the agency. *Moncada v. Executive Office of the President*, 2022 MSPB 25, ¶ 39. The Board may mitigate the penalty imposed by the agency to the maximum penalty that is reasonable in light of the sustained charges as long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed for fewer charges. *Id.* In assessing the reasonableness of the penalty, the Board will consider such factors as the nature and seriousness of the offense, the employee's past disciplinary record, the consistency of the penalty with the agency's table of penalties, and the consistency of the penalty with those imposed on others for similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

We modify the remand initial decision to apply the aforementioned standards and still find the penalty of removal reasonable, even when considering just the inappropriate conduct and failure to follow instructions charges but not the abandoned AWOL charge. As recognized by the administrative judge, the deciding official testified that he would have removed the appellant for any of the charges individually. RID at 16. The deciding official deemed the proven

misconduct quite serious. *E.g.*, *id.* at 17; IAF, Tab 4 at 32. We agree. Most notably among it, the proven misconduct included the appellant taking out his work-related frustrations by repeatedly suggesting that he might hurt someone. Plus, this was not his first instance of misconduct and discipline. Just months earlier, the appellant engaged in misconduct that does not stray far from the misconduct underlying his removal. *E.g.*, IAF, Tab 4 at 32, 142-43. There were just a few weeks between his suspension for that and the misconduct currently before us. *Id.* at 39-40, 140. While the appellant may have performed successfully since joining the agency in 2016, *id.* at 32, this and any other mitigating factors are outweighed by those supporting his removal. We, therefore, agree with the administrative judge's decision to sustain the removal, as modified.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        _____
                                     Gina K. Grippando
                                     Clerk of the Board
Washington, D.C.